**Commonwealth of Massachusetts**
**Fall River District Court**
186 South Main Street
Fall River, MA 02721
(508) 491-3200

A TRUE COPY, ATTEST:

*[signature]*

NORFOLK DEPUTY SHERIFF

Date: 06/06/2020

Nelson P. Araujo ,
PLAINTIFF(S),

v.

CIVIL NO. 2032 CV 000232

SUMMONS

Next Door transport, LLC, and
DEFENDANT(S)
Paul Nyanzi and Alex Mukasa

THIS SUMMONS IS DIRECTED TO Next Door Transport LLC
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Fall River Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to <u>both</u> the "Clerk's Office for Civil Business, Fall River District Court, 186 South Main Street, Fall River, MA 02721" <u>and</u> to the individual below:

Joseph F. deMello, Esq , at 71 Main Street, Ste 2100, Tau LS MA 02780
(name of Plaintiff or Plaintiff's attorney) (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Kevin J. Finnerty, First Justice on ___May 22___, 20 _20_.

(SEAL)

_John C. Oheirl_
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### RETURN OF SERVICE
#### (for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

_____

_____
(signature)

_____
(name and title)

☐ In hand

_____
(address)

☐ Other:
*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

FALL RIVER DISTRICT COURT
2032 CV 000232

_____

NELSON P. ARAUJO
          Plaintiff
vs.

NEXT DOOR TRANSPORT, LLC and

PAUL NYANZI and ALEX MUKASA
          Defendants

_____

2020 MAY -8 A 9 45

FALL RIVER
DISTRICT COURT
FILED

## COMPLAINT

This is an action for damages by the plaintiff against his former employer for violation of Massachusetts and federal wage laws, pursuant to M.G.L. c. 149, §§ 148 et seq., M.G.L. c. 151, and 29 U.S.C. §§ 201 et seq.

## FACTS

1.    Plaintiff, NELSON P. ARAUJO resides in Fall River, Bristol County, Massachusetts.

2.    Defendant, NEXT DOOR TRANSPORT LLC, is a Massachusetts Limited liability Company with a principal place of business at 64 Main St., Walpole, Massachusetts and its records are maintained at 835 Mount Hope St., unit 37, North Attleboro, MA 02760.

3.    Defendant PAUL NYANZI resides at 64 Main St., Walpole, Norfolk County MA and is the Manager and Resident Agent and a person having and/or engaging in the management of NEXT DOOR TRANSPORT LLC.

4.    Defendant ALEX MUKASA is a Manager or a person having and/or engaging in the management of NEXT DOOR TRANSPORT LLC.

5.   Defendant, NEXT DOOR TRANSPORT LLC. is a for-profit business that maintains a fleet of vehicles used in passenger transportation, including transportation of persons to and from medical facilities.

6.   Defendant, NEXT DOOR TRANSPORT LLC. contracts with the Commonwealth of Massachusetts and other governmental entities to provide for transportation of people to and from medical facilities. Said contracts require that the defendant, NEXT DOOR TRANSPORT LLC comply with state and federal laws rules and regulations governing the

7.   The plaintiff was employed as a driver of vehicles engaged in transporting passengers for the Defendant, NEXT DOOR TRANSPORT LLC from February of 2018 until on or about February 7, 2020.

8.   The plaintiff regularly worked more than 40 hours per week for the defendant NEXT DOOR TRANSPORT LLC.

9.   Defendant, NEXT DOOR TRANSPORT LLC, as employer, is liable to pay the plaintiff for all of the hours he worked, including overtime at time and one half.

10.   Defendant PAUL NYANZI is the named Manager of NEXT DOOR TRANSPORT LLC and was engaged in the management and operations of said entity, including but not limited to, payroll matters for the plaintiff.

11.   Defendant ALEX MUKASA was engaged in the management and operations of defendant NEXT DOOR TRANSPORT LLC, including but not limited to being the person who generally scheduled the plaintiff for his daily work.

12.   During the course of plaintiff's employment, the Defendant, NEXT DOOR TRANSPORT LLC and defendants PAUL NYANZI and ALEX MUKASA did not pay the Plaintiff all of the wages he was due, including overtime at the rate of time and one half.

13.   The plaintiff has obtained a "private right of action" letter from the Attorney General of Massachusetts regarding this action.

### COUNT I        (Failure To Pay All Wages Due)

14.   Plaintiff repeats and incorporates herein the allegations above.

15.   Defendants, NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA unlawfully failed to pay the plaintiff for all the hours he worked for them until his last day of employment in February of 2020.

16.   The defendants PAUL NYANZI and ALEX MUKASA are engaged in the management and operations of said entity, including but not limited to, payroll matters and scheduling the plaintiff's work activity and hours.

17.   The defendants PAUL NYANZI and ALEX MUKASA are personally liable to the Plaintiff for wages and penalties.

18.   Each Defendant's failure to pay the Plaintiff all of his hourly wages due while working for the Defendants violates the wage laws of the Commonwealth of Massachusetts including but not limited to G.L. c. 149§148 through § 150 and related statutes.

19.   Plaintiff has sustained damages in the amount of his unpaid wages and overtime wages due.

WHEREFORE, Plaintiff Nelson P. Araujo requests the following relief against defendants NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA:

1.    Judgment in his favor on all Counts;

2.    Statutory damages in the amount of his unpaid and overtime wages as appropriate;

3.    Statutory enhancement of damages and attorney's fees as allowed by law for each Count;

4.    Interest; and

5.    Any such other relief the Court may deem just and proper.

## COUNT II    (Overtime Violations)

20.    Plaintiff repeats and incorporates herein the allegations above.

21.    Defendants, NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA's failure to pay overtime pay to the plaintiff violates the overtime law of Massachusetts, including but not limited to M.G.L. c. 151§1A & 1B, and §20A, and related statutes and the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*

22.    Plaintiff has sustained damages in the amount of his unpaid wages and overtime wages due.

WHEREFORE, Plaintiff Nelson P. Araujo requests the following relief against defendants NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA:

1.    Judgment in his favor on all Counts;

2.    Statutory damages in the amount of his unpaid and overtime wages as appropriate;

3.    Statutory enhancement of damages and attorney's fees as allowed by law for each Count;

4.    Interest; and

5.    Any such other relief as the Court may deem just and proper.

## COUNT III    (Breach of Contract)

23.    Plaintiff repeats and incorporates herein the allegations above.

24.    Defendants, NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA's failure and refusal to compensate Plaintiff for all hours that he worked constitutes a breach of the contract of employment between the Plaintiff and the Defendants.

25.    Plaintiff has sustained damages in the amount of his unpaid wages and overtime wages due.

WHEREFORE, Plaintiff Nelson P. Araujo requests the following relief against defendants NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA:

1.    Judgment in his favor on all Counts;

2.    Statutory damages in the amount of his unpaid and overtime wages as appropriate;

3.    Statutory enhancement of damages and attorney's fees as allowed by law for each Count;

4.    Interest; and

5.    Any such other relief as the Court may deem just and proper.

Respectfully submitted,
Plaintiff, Nelson P. Araujo
By his attorney,

Joseph F. deMello Esquire
71 Main St., Suite 2100
Taunton, MA 02780
Tel. 508-824-9112
Joseph@deMelloLaw.com

2020 MAY -8  A 9: 45
FALL RIVER DISTRICT COURT FILED

EXHIBIT 1



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

April 14, 2020

Attorney Joseph DeMello
Law Offices of Joseph F. DeMello
71 Main Street
Taunton, MA 02780

RE:     Nelson Araujo
        Request for Private Right of Action against Next Door Transport

Dear Attorney DeMello:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit. If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|

| PLAINTIFF(s)<br>Nelson P. Araujo | DEFENDANT(s)<br>Next Door Transport, LLC, Paul Nyanzi, Mukasa | DATE FILED |
|---|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | COURT DIVISION<br>Fall River District Court |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: .................................. | $ _____ |
| 2. Total doctor expenses: .................................. | $ _____ |
| 3. Total chiropractic expenses: .............................. | $ _____ |
| 4. Total physical therapy expenses: .......................... | $ _____ |
| 5. Total other expenses (describe) _____ | $ _____ |
| _____ | |
| SUBTOTAL: | $ _____ |
| B. Documented lost wages and compensation to date: ................ | $ _____ |
| C. Documented property damages to date: ....................... | $ _____ |
| D. Reasonably anticipated future medical and hospital expenses: ......... | $ _____ |
| E. Reasonable anticipated lost wages: .......................... | $ _____ |
| F. Other documented items of damage (describe): _____ | $ _____ |
| _____ | |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: | |
| _____ | |
| _____ | |
| _____ | |
| _____ | |
| For this form, disregard double or treble damage claims; indicate single damages only. | TOTAL: $ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a) | |
| Provide a detailed description of the claim(s): _____ | $ _____ |
| failure to pay wages and overtime wages to plaintiff-employee | $ 14000.00 |
| (plaintiff reserves the right to change the damages amount due to ongoing discovery | $ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only. | TOTAL: $ 14000.00 |

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| SIGNATURE<br>Joseph F deMello, Esq. | DATE |
| PRINT OR TYPE NAME | B.B.O. #  546017 |
| ADDRESS<br>71 Main St., Suite 2100, Taunton, MA 02780 | |

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record:

Date: 5-6-2020

A TRUE COPY, ATTEST:

*[signature]*

NORFOLK DEPUTY SHERIFF

Date: 06/06/2020

**Commonwealth of Massachusetts**

**Fall River District Court**

186 South Main Street

Fall River, MA 02721

(508) 491-3200

Nelson P. Araujo,

PLAINTIFF(S),

CIVIL NO.   2032 CV 000232

v.                                                           **SUMMONS**

Next Door Transport, LLC and

Paul Nyanzi and Alex Mukasa

DEFENDANT(S)

THIS SUMMONS IS DIRECTED TO   Paul Nyanzi   .

(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Fall River Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Fall River District Court, 186 South Main Street, Fall River, MA 02721" and to the individual below:

Joseph F. deMello, Esq. at 71 Main Street Ste 200, Taunton, MA 02780

(name of Plaintiff or Plaintiff's attorney)           (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Kevin J. Finnerty, First Justice on _May 29_, 20 _20_.

(SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

_____

☐ In hand

☐ Other:

_____
(signature)

_____
(name and title)

_____
(address)

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

FALL RIVER DISTRICT COURT
2032 CV 000232

---

NELSON P.  ARAUJO
     Plaintiff

vs.

NEXT DOOR TRANSPORT, LLC and

PAUL NYANZI and ALEX MUKASA
    Defendants

---

2020 MAY -8   A 9 45

FALL RIVER DISTRICT COURT FILED

### COMPLAINT

This is an action for damages by the plaintiff against his former employer  for violation of Massachusetts and federal wage laws, pursuant to M.G.L. c. 149, §§ 148 et seq., M.G.L. c. 151, and 29 U.S.C. §§ 201 et seq.

### FACTS

1. Plaintiff, NELSON P.  ARAUJO resides in Fall River, Bristol County, Massachusetts.

2. Defendant, NEXT DOOR TRANSPORT LLC, is a Massachusetts Limited liability Company with a principal place of business at 64 Main St., Walpole, Massachusetts and its records are maintained at 835 Mount Hope St., unit 37, North Attleboro, MA 02760.

3. Defendant PAUL NYANZI resides at 64 Main St., Walpole, Norfolk County MA and is the Manager and Resident Agent and a person having and/or engaging in the management of NEXT DOOR TRANSPORT LLC.

4. Defendant ALEX MUKASA is a Manager or a person having and/or engaging in the management of NEXT DOOR TRANSPORT LLC.

5.     Defendant, NEXT DOOR TRANSPORT LLC. is a for-profit business that maintains a fleet of vehicles used in passenger transportation, including transportation of persons to and from medical facilities.

6.     Defendant, NEXT DOOR TRANSPORT LLC. contracts with the Commonwealth of Massachusetts and other governmental entities to provide for transportation of people to and from medical facilities. Said contracts require that the defendant, NEXT DOOR TRANSPORT LLC comply with state and federal laws rules and regulations governing the payment of employees.

7.     The plaintiff was employed as a driver of vehicles engaged in transporting passengers for the Defendant, NEXT DOOR TRANSPORT LLC from February of 2018 until on or about February 7, 2020.

8.     The plaintiff regularly worked more than 40 hours per week for the defendant NEXT DOOR TRANSPORT LLC.

9.     Defendant, NEXT DOOR TRANSPORT LLC, as employer, is liable to pay the plaintiff for all of the hours he worked, including overtime at time and one half.

10.    Defendant PAUL NYANZI is the named Manager of NEXT DOOR TRANSPORT LLC and was engaged in the management and operations of said entity, including but not limited to, payroll matters for the plaintiff.

11.    Defendant ALEX MUKASA was engaged in the management and operations of defendant NEXT DOOR TRANSPORT LLC, including but not limited to being the person who generally scheduled the plaintiff for his daily work.

12. During the course of plaintiff's employment, the Defendant, NEXT DOOR TRANSPORT LLC and defendants PAUL NYANZI and ALEX MUKASA did not pay the Plaintiff all of the wages he was due, including overtime at the rate of time and one half.

13. The plaintiff has obtained a "private right of action" letter from the Attorney General of Massachusetts regarding this action.

**COUNT I        (Failure To Pay All Wages Due)**

14. Plaintiff repeats and incorporates herein the allegations above.

15. Defendants, NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA unlawfully failed to pay the plaintiff for all the hours he worked for them until his last day of employment in February of 2020.

16. The defendants PAUL NYANZI and ALEX MUKASA are engaged in the management and operations of said entity, including but not limited to, payroll matters and scheduling the plaintiff's work activity and hours.

17. The defendants PAUL NYANZI and ALEX MUKASA are personally liable to the Plaintiff for wages and penalties.

18. Each Defendant's failure to pay the Plaintiff all of his hourly wages due while working for the Defendants violates the wage laws of the Commonwealth of Massachusetts including but not limited to G.L. c. 149§148 through § 150 and related statutes.

19. Plaintiff has sustained damages in the amount of his unpaid wages and overtime wages due.

3

WHEREFORE, Plaintiff Nelson P. Araujo requests the following relief against defendants NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA:

1. Judgment in his favor on all Counts;

2. Statutory damages in the amount of his unpaid and overtime wages as appropriate;

3. Statutory enhancement of damages and attorney's fees as allowed by law for each Count;

4. Interest; and

5. Any such other relief as the Court may deem just and proper.

## COUNT II    (Overtime Violations)

20. Plaintiff repeats and incorporates herein the allegations above.

21. Defendants, NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA's failure to pay overtime pay to the plaintiff violates the overtime law of Massachusetts, including but not limited to M.G.L. c. 151§1A & 1B, and §20A, and related statutes and the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*

22. Plaintiff has sustained damages in the amount of his unpaid wages and overtime wages due.

WHEREFORE, Plaintiff Nelson P. Araujo requests the following relief against defendants NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA:

1. Judgment in his favor on all Counts;

2. Statutory damages in the amount of his unpaid and overtime wages as appropriate;

3. Statutory enhancement of damages and attorney's fees as allowed by law for each Count;

4. Interest; and

5. Any such other relief as the Court may deem just and proper.

4

## COUNT III   (Breach of Contract)

23.    Plaintiff repeats and incorporates herein the allegations above.

24.    Defendants, NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA's failure and refusal to compensate Plaintiff for all hours that he worked constitutes a breach of the contract of employment between the Plaintiff and the Defendants.

25.    Plaintiff has sustained damages in the amount of his unpaid wages and overtime wages due.

WHEREFORE, Plaintiff Nelson P. Araujo requests the following relief against defendants NEXT DOOR TRANSPORT LLC, PAUL NYANZI and ALEX MUKASA:

1.    Judgment in his favor on all Counts;

2.    Statutory damages in the amount of his unpaid and overtime wages as appropriate;

3.    Statutory enhancement of damages and attorney's fees as allowed by law for each Count;

4.    Interest; and

5.    Any such other relief as the Court may deem just and proper.

Respectfully submitted,
Plaintiff, Nelson P. Araujo
By his attorney,

Joseph F. deMello Esquire
71 Main St., Suite 2100
Taunton, MA 02780
Tel. 508-824-9112
BBO #546017

2020 MAY -8 A 9: 45
FALL RIVER
DISTRICT COURT
FILED

5

EXHIBIT 1



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

April 14, 2020

Attorney Joseph DeMello
Law Offices of Joseph F. Demello
71 Main Street
Taunton, MA  02780  .

RE:     Nelson Araujo
        Request for Private Right of Action against Next Door Transport

Dear Attorney DeMello:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit.  If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. | Trial Court of Massachusetts |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) | DATE FILED |
|---|---|---|
| Nelson P. Araujo | Next Door Transport, LLC, Paul Nyanzi, Mukasa | |

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | COURT DIVISION<br>Fall River District Court |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|

A. Documented medical expenses to date:

   1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

   2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

   3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

   4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

   5. Total other expenses (describe) _____ $ _____

_____

                                         SUBTOTAL:    $ _____

B. Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . $ _____

C. Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

D. Reasonably anticipated future medical and hospital expenses: . . . . . . . . . $ _____

E. Reasonable anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

F. Other documented items of damage (describe): _____ $ _____

_____

G. Brief description of Plaintiff's injury, including nature and extent of injury:

_____

_____

_____

_____

For this form, disregard double or treble damage claims; indicate single damages only.    **TOTAL:** $ _____

| CONTRACT CLAIMS | AMOUNT |
|---|---|

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)

   Provide a detailed description of the claim(s): _____  $ _____

   failure to pay wages and overtime wages to plaintiff-employee        $ 14000.00

   (plaintiff reserves the right to change the damages amount due to ongoing discovery  $ _____

For this form, disregard double or treble damage claims; indicate single damages only.    **TOTAL:** $ 14000.00

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| SIGNATURE<br>Joseph F deMello, Esq.<br>PRINT OR TYPE NAME     546017<br>ADDRESS<br>71 Main St., Suite 2100, Taunton, MA 02780 | DATE<br><br>B.B.O. # |

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record                           Date: 5-6-2020